## MOON v. BOLLWINKEL et al.

No. 2727.   Decided January 12, 1916.   (154 Pac. 939.)

1.  VENDOR AND PURCHASER — CONTRACT — EXECUTION — EVIDENCE —
    SUFFICIENCY.   Where defendants contracted to sell their lots
    at a stated price, reserving the right to remove a trap there-
    from, and the purchaser struck out from the contract the -res-
    ervation clause, the contract as modified could not be enforced,
    in the absence of ratification by the defendants, there being
    no meeting of the minds of plaintiff and defendant.   (Page
    392.)

2.  VENDOR AND PURCHASER—MODIFICATION OF CONTRACT—BURDEN OF
    PROOF.   In an action for breach of an executory contract for the
    sale of land wherein the seller by a clause in the writing re-
    served certain rights, which clause the prospective purchaser
    struck out, plaintiff has the burden of showing by clear and
    convincing evidence that the modification was ratified by the
    seller.   (Page 392.)

3.  COURTS—MUNICIPAL COURT—SATISFACTION OF JUDGMENT PEND-
    ING APPEAL—EFFECT.   Where a judgment of the city court, not
    having been superseded, was satisfied by execution pending ap-
    peal to the district court, the party successful below could not
    have further judgment on his claim.   (Page 393.)

Appeal from District Court, Third District; *Hon. M. L.
Ritchie,* Judge.

Action by A. T. Moon against Joshua P. Bollwinkel and
another, doing business as Bollwinkel Bros.

Judgment for plaintiff.   Defendants appeal.

REVERSED and REMANDED, with directions.

*Ben Johnson* for appellants.

*C. S. Patterson* for respondent.

FRICK, J.

This action is based upon the written contract hereinafter
set forth to recover damages for its breach.   The plaintiff in
his complaint merely pleaded the legal effect of the contract,

alleged its breach, and prayed judgment for damages, stating the amount thereof. The defendants denied the contract as pleaded, and also alleged want of consideration. We remark that there is considerable evidence which we deem immaterial to this decision, and in view that the findings of the court are not based upon any of such evidence we shall refer to such portions only as are deemed material and upon which the findings are based.

At the trial the plaintiff produced the contract sued on, which reads as follows:

"Salt Lake City, Utah, June 1, 1911.

"In consideration of the sum of one dollar to us in hand paid by A. T. Moon, we, the undersigned, hereby give the said A. T. Moon an option to purchase all of the following lots in City View addition to Salt Lake City, Utah, to wit: [Describing property] at any time within five (5) days from this date for the agreed sum of two thousand two hundred and fifty dollars. *It is hereby agreed that Bollwinkles may remove their trap now on above ground at any time within ten days from this date.*

"[Signed]     Bollwinkel Bros.,
"By J. P. Bollwinkel."

That part of the contract which is not italicized was typewritten, while that portion which is italicized was written with pen and ink.

Before offering the contract in evidence the plaintiff, over the objection of the defendants, was permitted to testify that he and the defendant signing the instrument had arrived at an agreement respecting the price and terms of sale of the lots in question; that immediately thereafter he, in his office, wrote out the agreement in typewritten form just as that part of the agreement appears; that he then presented it to the signer of the contract and the latter objected to signing it stating his reasons therefor, unless the trap mentioned in the written part of the agreement, which was shown to be of the approximate value of $390, was excepted from the sale with the right of removing it from the premises; that the plaintiff then wrote in the exception or reservation with his pen, and the defendant signed the agreement. The plaintiff, however, testified

that he, at that time, told the defendant who signed the instrument that in his judgment the purchaser he had in view for the property would not take it subject to the right to remove the trap, and that he could no dispose of the property with the exception insisted upon by the signer. The defendant nevertheless, insisted upon reserving the trap from the sale, and hence the contract was executed by him with the reservation written therein. The plaintiff further testified that when he presented the contract to the prospective purchaser the latter refused to accede to the reservation, and took his pen and drew it through that portion of the agreement, and, after having done so, wrote underneath the defendant's signature the following:

"I hereby accept the above and will pay $2,250, $1,000 cash within ten days, bal. $1,250 on or before 2 years @ 8% interest.

"J. W. Mellen."

The plaintiff also produced some evidence that the defendants had agreed to the modification of the writing as made by Mr. Mellen. This evidence was objected to by defendants, and they both denied that they, or either of them, had agreed or consented to the modification. We remark that from the whole evidence it is quite clear, however, that the minds of the parties never met respecting a sale of the property; that is, plaintiff did not agree that the trap might be removed, and J. P. Bollwinkel, acting for Bollwinkel Bros., never agreed to sell the lots without reserving the trap. It was also shown that the defendants refused to comply with the agreement as modified, and that for that reason the sale was not consummated, and hence the plaintiff claimed damages in the sum of $200, etc.

The court made findings of fact and conclusions of law in favor of the plaintiff, and entered judgment enforcing the contract as modified. The defendants appeal.

Numerous errors are assigned, but we do not deem it necessary to discuss more than one or two of them, which we deem vital to the judgment. One of the assignments is that the court erred in its finding that a contract was entered into

between the parties to sell the lots in question for the sum of $2,250.

From the statement we have made it appears that, when J. P. Bollwinkel insisted upon the right to reserve the trap which was on the lots in question, the plaintiff told him that in his judgment his prospective purchaser would     **1, 2** not consent to its removal. It is evident that the plaintiff thus never agreed to that part of the agreement which authorized the defendants to remove the trap. The fact that plaintiff permitted the prospective purchaser, Mr. Mellen, to strike out the clause excepting the trap from the sale, is a strong circumstance indicating that the plaintiff did not agree to that clause in the agreement. The minds of plaintiff and of J. P. Bollwinkel, who acted for Bollwinkel Bros., therefore, never met with regard to the clause excepting the trap from the sale. But if it were conceded for argument's sake that the minds of plaintiff and J. P. Bollwinkel did meet regarding the terms of the agreement as Mr. Bollwinkel signed it, yet the evidence is wholly insufficient to justify a finding that J. P. Bollwinkel, or either of the brothers, ever consented to or ratified the modification of the agreement by which their right to reserve the trap was eliminated from the agreement as signed by J. P. Bollwinkel for Bollwinkel Bros. Either view that may be taken, therefore, as above indicated, leads to the same conclusion, namely, that the parties' minds never met upon the terms of the contract sued upon. It is familiar doctrine that where an agreement is signed by one party, and the other party insists that either new terms were added to or that certain parts were eliminated from, the agreement after the same was signed by the opposite party, the first party must prove by clear and convincing evidence that the party who signed the agreement, and who is to be bound thereby as changed, agreed to the change or ratified the same. This the plaintiff has wholly failed to do in this case. The evidence offered by him on that phase of the case is wholly insufficient to justify a finding to that effect.

Counsel for appellant has, however, somewhat exhaustively argued the further question that the agreement in question is one relating to a sale of real estate, and is therefore controlled

by the statute of frauds, in so far as any modification of the contract as claimed by plaintiff is concerned. The courts are not in harmony respecting the extent that executory contracts, which, under the statute of frauds, must be evidenced in writing, may be modified by parol. The question is not without difficulty, and in view that the foregoing disposes of the case, and that it is at least doubtful whether the question argued by counsel is really involved in this case, we express no opinion upon that question.

It was also made to appear that the judgment in favor of the plaintiff, not having been superseded by defendants, execution was duly issued thereon, and the judgment was satisfied notwithstanding the appeal from the city court to the district court. In view of that fact, which stands undisputed, we cannot see how the plaintiff is entitled to a further judgment upon his claim.

The judgment is reversed, and the cause is remanded to the district court of Salt Lake County, with directions to grant a new trial, and to proceed with the case in accordance with the views herein expressed. Appellants to recover costs.

STRAUP, C. J., and McCARTY, J., concur.